IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID R. PUCKETT                                                                                                PLAINTIFF
ADC #106590

V.                                      NO.  5:08cv00097 JMM-JWC

LARRY B. NORRIS, et al                                                                                  DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## **Recommended Disposition**

On April 10, 2008, Plaintiff, a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

### **I.  Background**

According to Plaintiff's complaint, in March 2005, he wrote the Community Based Reentry Initiative for Serious and Violent Offenders for inmates confined to the ADC's Pine Bluff Unit. The program was styled after the U.S. Department of Justice's Going Home Initiative. Plaintiff's program was discussed with various staff members of the Pine Bluff Unit, and in detail with Defendant Toney. Plaintiff also allegedly lobbied community leaders for their support and participation. On April 6, 2005, Plaintiff's program was approved by Defendant Toney who recommended that it be presented to the Pine Bluff Unit Inmate

Council for their sponsorship.  It was approved.  Plaintiff created a separate board of directors composed of community leaders throughout Arkansas.  Plaintiff claims that he was elected to serve as chairman by general consensus.  Plaintiff alleges he additionally created a program panel of individuals who would conduct six seminars, compiled the curriculum to be presented during the seminars, presided over board meetings, and planned graduation ceremonies.  In November 2005, it was recommended that Dr. Chas Chastain be appointed chairman and that Reverend Roosevelt Rogers serve as vice-chair due to the vulnerability of the program being operated by an inmate or an inmate council.  According to Plaintiff, 003 inmate Vonnie Moore (a/k/a Malik Shabazz) was selected to serve as lead mentor in an effort to allow Plaintiff more time to focus on Phase II of the program operations.  Various changes began to occur without Plaintiff's knowledge or approval of the board of directors.  Plaintiff contends that inmate Moore has continued to use the program to solicit personal favoritism from Defendants Toney and Manus and various guest and program board and panel members in his quest for executive clemency.

     Plaintiff was granted parole.  While awaiting an approved parole plan, he discontinued his membership in the Pine Bluff Unit Inmate Council and reorganized the structure of the program listing himself as the founder, an honorary position in which he would serve as an advisor to the board of directors.  This appointment was allegedly agreed to by the board. Plaintiff contends that Defendants expressed their disagreement in his listing or recognition as founder.  On December 7, 2006, Defendant Manus allegedly instructed program coordinator Royce Dixon to remove Plaintiff's name from all documents of the Community Based Reentry Initiative, and on December 12, 2006, Plaintiff alleges that he was transferred to the Grimes Unit in retaliation for being listed and recognized as

the founder of the program. The Grimes Unit, due to its location, prevents Plaintiff's participation in the program, poses a hardship in finalizing parole plans, and has an increased security level designation. As relief, Plaintiff requests that his name as founder be returned to all documents, and that a plan of action be approved for his immediate release.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73

(1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III. Analysis

**A.   Retaliation**

In general, a prisoner enjoys no constitutionally protected right against transfer to another prison. Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999) (citing Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir.1996)). Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular institution. Id. (citing Sanders v. St. Louis County, 724 F.2d 665, 668 (8th Cir.1983)). However, a prisoner cannot be transferred in retaliation for his exercise of a constitutionally protected right, either between prisons in a single state, or between state and federal prison systems under the Interstate Corrections Compact. Id. (citing Goff, 91 F.3d at 1191 & Sisneros v. Nix, 95 F.3d 749, 751 (8th Cir.1996)).

To successfully allege a retaliatory transfer claim in violation of his constitutional rights pursuant to § 1983, Plaintiff "must prove that a desire to retaliate was the actual motivating factor behind the transfer." Farver v. Schwartz, 255 F.3d 473, 475 (8th Cir. 2001) (quoting Goff, 91 F.3d at 1191). In other words, Plaintiff must prove that "but for" his exercise of a constitutional right, he would not have been transferred. Rouse, 193 F.3d at 940; Trobaugh v. Hawk, 19 Fed. Appx. 461, 463 (8th Cir. 2001) (unpub. per curiam). Plaintiff's claim fails at the initial inquiry— his alleged basis for retaliation is nothing more

than a dispute over public recognition for the Community Based Reentry Initiative. Plaintiff was not engaging in <u>any</u> activity much less in constitutionally protected activity. He enjoyed no constitutional right to start the reentry initiative, to participate in the program he allegedly created, or to receive public recognition for it. For this reason alone Plaintiff has failed to state a claim for relief. <u>Compare</u> <u>with</u>, <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976) (prison officials may not transfer, or otherwise punish, an inmate in retaliation for exercising his right to file grievances against prison officials); <u>Johnson v. Jones</u>, 132 Fed. Appx. 97, 98 (8th Cir. 2005) (unpub. per curiam) (an inmate who alleged that officers retaliated against him for ending an affair with a prison guard was not actionable because the retaliation was not to quell the exercise of a constitutional right); <u>Johnson v. Esry</u>, 210 F.3d 379 (8th Cir. 2000) (unpub. per curiam) (citing <u>Goff</u>, 7 F.3d at 736-37) ("Prison officials may not punish an inmate by transferring him to another prison . . . because he exercises his constitutional right of access to the courts"); <u>Cornell v. Woods</u>, 69 F.3d 1383, 1387-88 (8th Cir. 1995) (evidence supported finding that prisoner was transferred in retaliation for his exercise of First Amendment rights in talking to and cooperating with head of prison Internal Affairs Division's misconduct investigation against correctional officer; inmates enjoy a constitutional privilege to freely participate in governmental investigations concerning matters of public concern); <u>Lewis v. Jacks</u>, 486 F.3d 1025, 1029 (8th Cir. 2007) ("The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity").

**B.    Habeas Corpus Relief**

Plaintiff has additionally requested as relief that a plan of action be approved for his immediate release. In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court

delineated what constitutes a habeas action as opposed to a § 1983 claim.  The essence of habeas corpus is an attack by a person in custody upon the legality of that custody.  Id. at 484.  The label a prisoner gives to his suit is not controlling.  Id. at 489-90.  Therefore, if Plaintiff is in effect challenging the fact of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.  Id. at 499.  State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims.  28 U.S.C. § 2254(b) & (c).  A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).  See also, Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition).

### IV.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff has failed to state a claim for relief.  His case should therefore be DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

  3. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

  DATED this 28th day of April, 2008.

                    _____
                    UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.